| 47    21
47 1311

## No. 11,687.

THE PARISH BOARD OF SCHOOL DIRECTORS vs. CITY OF SHREVEPORT.

The averment of the petition being that a municipal corporation had annually levied and collected a tax for school purposes, and thereafter budgeted and appropriated same for those purposes; and during a long series of years made disbursements therefrom for such purposes; but subsequently declined to make further disbursements therefor on the ground that the municipality had no power under its charter to levy such a tax, and the further averment being that the Parish Board of School Directors are entitled to demand of and to receive from the municipality the funds thus actually levied, collected and deposited in the treasury—such petition discloses a cause of action.

APPEAL from the First District Court, Parish of Caddo.
   Taylor, J.

·T. C. Barret and Leonard & Thatcher for Plaintiffs and Appellants.

M. S. Jones, City Attorney for Defendant and Appellee.

Wise & Herndon of counsel.

The opinion of the court was delivered by

WATKINS, J.    Plaintiff prosecutes this appeal from a judgment of the District Court sustaining the defendant's exception of no cause of action and dismissing its suit.

As this exception puts at issue the sufficiency of the allegations of the petition to justify a judgment in plaintiff's favor in case same were substantiated by proof on the trial, we must examine and analyze them in order to test the correctness of the judgment sustaining the exception.

The representations of plaintiff's petition are, that the defendant is indebted to it in the full sum of five thousand five hundred and fifty dollars and seventy-five cents, with interest from various dates mentioned during twelve years, from 1880 to 1892, inclusive, for this, viz.:

That during said twelve years the defendant, through its council and officers, appropriated for school purposes, annually, the various amounts set forth in a schedule that is annexed to the petition; and that the appropriations so made were duly placed on the city budgets, and adopted and published annually during the aforesaid period.

That the amounts so appropriated were, during said period, annually collected by the defendant, by means of an ad valorem tax on all property within the limits of the city of Shreveport, duly paid by the tax-payers of said city; and that from that source such amounts came annually into the treasury of the city.

That when said amounts so annually appropriated and collected came into the city treasury they constituted a fund that was consecrated to school purposes, which could not be legally diverted

to other purposes, and that it was entitled to receive such amounts, in full, from said city, to be by it employed and used for the benefit of the public schools.

That it has received from the defendant portions of the aforesaid sums of money thus collected, leaving the remainder due as claimed herein.

That the entire amount so appropriated and collected by said city, less the amount of payments made, *should be now in the city treasury to the credit of the public school fund, and should be paid over to the petitioner.*

That a considerable portion of the amount so appropriated is now in the city treasury, and that a considerable amount thereof has been unlawfully misapplied by the said city to purposes other than those for which it was appropriated and collected.

That the mayors and comptrollers for said city, and every member of the various city councils in office during the aforesaid period of time, are indebted to the plaintiff *in solido* with the city for the amounts so appropriated and collected.

But the prayer of the petition is for citation to the city of Shreveport alone, and for judgment against it for five thousand five hundred and fifty dollars and seventy-five cents, commanding it "*to pay over to petitioner any amount now in the city treasury to the credit of the school fund.*"

Aside from the declaratory part of the petition the averment is that the entire amount of money thus appropriated and collected, less payments made, should be in the city treasury at this time, to the credit of the school fund; and that, while a considerable portion thereof has been misapplied by defendant to other purposes, yet a considerable portion thereof is now in the city treasury to the credit of that fund.

The ground taken by defendant's counsel is, that the imposition of a tax for the maintenance and support of free public schools has not been conferred upon the city of Shreveport by charter, which, alone, is the source and measure of its power. And this view being entertained by the judge *a quo*, he held that, under its charter, the defendant was without authority to impose the tax in question, "and there being no authority granted in the city charter for the imposition and collection of a tax for school purposes, it follows that these taxes and their donation to plaintiff were wholly unauthorized, null

and void, and conferred no right upon the Board of School Directors to compel their payment by a judgment of this court. It is there-- fore ordered that the exception of no cause of action be sustained and the suit dismissed.''

It seems quite evident that our learned brother of the District Bench has transposed plaintiff's cause of action and placed *effect* instead of *cause*. This suit not being one to coerce the defendant to *levy* and *collect* a school tax, there is no question of its corporate power and authority to make a levy or collection involved. But, inasmuch as the allegation is that the defendant has already levied, collected and appropriated a tax for school purposes, and now refuses to pay over the balance of the fund on hand, notwithstanding various payments have been made out of same, it is difficult to see what the *power* of the defendant, under its charter, in respect to the levy and collection of the tax, has to do with the cause of action.

It may be conceded for the argument that the city was altogether without authority to levy or collect the tax in question; but having already levied and collected it, the plaintiff has undoubtedly the right to institute suit for its recovery for school purposes. Forsooth, a tax that has been illegally or unwarrantably collected does not confer on the municipality the right to appropriate and use the fund collected at will.

The allegation of the petition is that by ordinances regularly adopted, the defendant annually levied a school tax, and caused same to be collected and deposited in her treasury; and that same has been annually appropriated to school purposes, and partially disbursed for such purposes. But that plaintiff is now met by the defendant's objection to make any further disbursements for school purposes, for the reason that, under the city charter, the defendant possessed no authority to levy and collect the tax at all.

In our conception it is of no consequence that the city charter conferred no such authority to levy and collect the tax. The taxes have been collected. The people have paid them without objection. The authority to tax is an accomplished fact. The funds are in the treasury and already *destined to school purposes*. This fund is a *quasi*-trust in defendant's hands, for the use and benefit of the plaintiff.

Accepting this interpretation of the plaintiff's allegations, we think its petition discloses a cause of action, and that the judgment appealed from is erroneous.

It is therefore ordered and decreed that the judgment appealed from be reversed and annulled; and it is further ordered that the cause be reinstated and remanded for trial—the defendant being taxed with cost of appeal, those of the lower court to await final judgment.