In this suit, the plaintiffs, who are the legal representatives of the estate of Mrs. Arthur Latreille, seek to obtain judgment against Road District No. 2 of the Parish of Vermilion, the Police Jury of said parish and the individual members of the said Police Jury, in solido, in the sum of $750 with 8% interest from June 1, 1927, and 10% additional on the aggregate, as attorney's fees.
In the petition it is alleged that the estate of Mrs. Latreille is the holder and owner of a promissory note, for value received before maturity, dated June 1, 1927, in the sum of $750, payable March 15, 1931, to the order of Morrissey-Easton Tractor Company, Inc., with 8% interest, and signed by the Police Jury of the Parish of Vermilion as the governing authority of Road District No. 2 of said Parish. It is then averred that the note is one of a series of five notes, each for a similar amount, all executed by the Police Jury of the Parish of Vermilion under the same circumstances as the note already referred to.
It is then alleged that on July 12, 1922, the Police Jury, acting as the governing authority of the said Road District by virtue of the provisions of Act 118 of 1921, Ex.Sess., called an election to be held in the area covering the district which had been created, on September 5, 1922; that the election was held on that day at which the electors voted to levy and assess a special tax of one mill on the dollar, the avails of which were to be used for the purpose of maintaining and improving the public roads and bridges of the said district. It is further set out that all the formalities required by law for the holding of such an election were complied with and, by resolution of the Police Jury, acting as the governing authority, so much of the avails from the one mill tax were appropriated, pledged and dedicated to the security of the said five notes herein referred to and particularly set aside for their payment at their respective maturities.
The petition then sets out that the funds received by the Police Jury from the proceeds of the said tax for the year 1930, amounting to a sum exceeding $7,000, and which were appropriated, pledged and dedicated to the payment of the note held by the estate of Mrs. Latreille, were diverted and expended by the Police Jury of the Parish of Vermilion for other purposes and the names of each of the members of the said Police Jury who, acting as such, diverted the funds, are specifically mentioned. The plaintiffs finally aver that at the maturities of the five notes mentioned, and which were all held by the estate they represent, payments were duly demanded and that those due in 1928, 1929, and 1930, were paid but the one due March 15, 1931, remains unpaid, with the exception of the interest thereon, which was paid to March 15, 1930.
The Police Jury as well as the individual members thereof all filed exceptions of no right or cause of action. Following the filing of these exceptions the plaintiffs supplemented and amended their original petition by adding to the paragraph 8 thereof, the following: "and as a result of the diversion and expenditure as herein set out there remains no funds in the hands of the Police Jury or the Road District to pay the note herein sued on, causing injury and damage to the Estate of Mrs. Arthur Latreille." The day following the filing of this supplemental petition, the exceptions of no cause or right of action were overruled and on the same day the Police Jury and the individual members composing the same, all *Page 742 
filed a plea of prescription of one year, as provided for by Art. 3536, R.C.C., against the claim for damages arising from the alleged diversion of funds and as a bar to the demand as made. Answers were subsequently filed in which it appears that the only matter put at issue is the one relating to the alleged diversion of funds, which of course is denied.
The case was then tried on an agreed statement of facts as to all matters that had taken place up to the time the diversion of funds is said to have taken place. Incidentally, we might state here that there had been filed in the record an agreement between counsel to the effect that the records of the Police Jury of the Parish show that the funds dedicated to the payment of the notes were diverted during the years 1931 and 1932. The only testimony taken in the case was some relating to the knowledge which the plaintiff estate, either through its legal representatives or its attorney, may or may not have had of the said diversion of funds and if they had such knowledge, at what time it was obtained, in order to fix the date at which the period of prescription pleaded began to run.
The defendant Road District No. 2 did not resist the demand of the plaintiffs and judgment was rendered against it by default. As against the other defendants, judgment was rendered, after trial, in their favor, maintaining the plea of prescription filed on their behalf, and dismissing the demand as made against them. From that judgment the plaintiffs have taken this appeal.
The demand seems to be treated solely as one for damages suffered by reason of the alleged illegal diversion of public funds. The defendants, Police Jury and the individual members thereof, again urge their exceptions of no cause or right of action. We do not believe that there is any merit in the exception filed on behalf of the Police Jury even though the suit is one of the nature stated, for undoubtedly, by the provisions of Act 118 of 1921, Ex.Sess., the Road District is purely and simply the creature of the Police Jury, which is its governing authority, and its officers in that area of the parish in which it is located, are the officers of the Road District. It is in its capacity as such that the Police Jury and its members are being sued. It is urged on their behalf that they cannot be held on the obligation which gave rise to the present demand for the reason that the statute creating the Road District specifically provides the manner in which a parish may assume its indebtedness, and that these provisions of the law were not complied with. The present demand however is not on the obligation itself but arises out of an alleged wrong committed by the Police Jury, as the governing authority of the Road District, in handling public funds taken under its control, and which, by its own resolution, were pledged for a particular purpose and its officers specifically ordered and directed to disburse for that purpose.
In the case of Parish School Board v. City of Shreveport, 47 La.Ann. 21, 16 So. 563, 564, it appeared that certain sums of money, derived from a tax and coming annually into the treasury of the City of Shreveport, constituted a fund that was consecrated to school purposes, and it was held that the petition which alleged that a considerable amount of the said fund had been unlawfully misapplied by the city to purposes other than those for which it had been collected and appropriated, disclosed a cause of action against the city. The point was made that under the city charter, the defendant possessed no authority to levy and collect the tax at all, and therefore was not answerable to the School Board for the funds collected from such taxes. In answering that contention, the court stated: "In our conception, it is of no consequence that the city charter conferred no such authority to levy and collect the tax. The taxes have been collected. The people have paid them without objection. The authority to tax is an accomplished fact. The funds are in the treasury, and already destined to school purposes. This fund is a quasi trust in defendant's hands, for the use and benefit of the plaintiff. Accepting this interpretation of the plaintiff's allegations, we think its petition discloses a cause of action and that the judgment appealed from is erroneous." We might well paraphrase that language here and state that it is of no consequence that the Police Jury never assumed any of the obligations of the Road District according to the letter of Act 118 of 1921, Ex.Sess. The fact remains, however, that the people had taxed themselves for the purpose of creating and maintaining the Road District. The taxes were paid and collected, and the Police Jury, as the governing authority of the Road District, had the funds in its hands and under its control. This fund was a *Page 743 
quasi trust, dedicated to a specific purpose and the allegations of the petition showing that it was diverted by the Police Jury to some other purpose, present a cause of action on the part of the plaintiffs. We hold therefore that the exception of no cause or right of action on behalf of the defendant Police Jury was correctly overruled.
The exception filed on behalf of the individual members of the Police Jury has more merit as the petition fails to charge them with fraud or bad faith in having diverted the funds, and although the weight of authority seems to regard the individual members of a municipal corporation as trustees in the management and application of funds, and to hold their misapplication of such funds as a breach of trust, we doubt that the law intends to make them personally liable therefor unless their actions were prompted by fraudulent motives and were done in utter bad faith.
The distinction which we have drawn seems to be supported by a statement contained in American Jurisprudence, Volume 43, p. 113, Sec. 308, under the title "Public Officers", this particular section having reference to the "Misuse, Conversion and Diversion" of public funds. We quote a part of the section as follows: "Where there is no manner by which ministerial officers may legally divert money levied and collected for a specific purpose to any other purpose, so long as the purpose exists for which the levy was made, it has been held that they cannot, even temporarily, divert money from one fund to another without rendering themselves personally liable. However, the courts in general show an inclination to relieve from liability officers who through mistake, and in good faith, have paid from one fund claims or expenses which should have been paid from another, particularly where no loss has thereby resulted to the public agency they represent."
We are of the opinion therefore that as to the defendants, the individual members of the Police Jury, the petition fails to state a cause of action and that the exception filed on their behalf should have been sustained, and it is hereby so ordered.
Having reached the conclusion that the petition discloses a cause of action against the defendant Police Jury, the important issue now to be considered is the plea of prescription filed on behalf of that defendant, and which, as we have already stated, is based on Article 3536 of the Revised Civil Code, under which actions resulting from offenses and quasi offenses are prescribed for one year. In order for this defendant to sustain its plea it was necessary for it to show that plaintiffs had knowledge of the diversion of the funds for a period of one year before the date of filing the suit which was on November 16, 1935. The plea therefore entails a consideration of the testimony on this point.
Although counsel for plaintiffs insists that they had no knowledge prior to November 20, 1934 that the funds pledged to pay the note had not been kept separate and apart from other funds by the Police Jury, we believe that a fair interpretation of the testimony as a whole indicates that even though they did not have actual knowledge, they had, through their counsel, constructive knowledge some months before that time. We base this opinion on the correspondence which their counsel had with other parties concerning payment of the note, which dated back to May 2, 1934, and from his testimony on cross-examination as well. His fixing of the date he obtained knowledge as of November 20, 1934, is based purely on his own recollection and memory but as early as May 2, 1934, we find him writing to Morrissey-Easton Tractor Company informing it that he held the note for collection, that it was past due since March 15, 1931, that the interest endorsement was dated March 15, 1930, and that he desired prompt attention from that company as endorser. Counsel himself had prepared the resolution for the Police Jury pledging specific funds to the payment of the note. He was not only representing the plaintiff estate as attorney but seems to have been its agent in handling these papers. No one appears to have been in a better position to know the whole situation, and yet when the time comes to act after the note was more than three years past due and more than four years had elapsed since the last interest payment, he tries to enforce collection from the endorser rather than from the maker, knowing full well that the maker had a fund pledged to its payment. It would be difficult indeed to reconcile his actions in so doing with a failure on his part to have first attempted to collect the note from the fund dedicated to its payment. But that he did make such an attempt is not a matter of speculation only, for on July 27, 1934, after receiving a letter from M.T. Morrissey *Page 744 
inquiring into what efforts had been made to collect from the parish, we find him writing him, in answer, that he had tried to effect collection at maturity without results. Obviously his failure to obtain results at that time was because the pledged funds had already been diverted, otherwise, it strikes us that it would have been a simple matter to enforce payment.
Under the facts and all the circumstances presented we think that the trial judge was correct in sustaining the plea of prescription and in dismissing the suit of plaintiffs. The individual members of the Police Jury had filed a similar plea and even though the exception of no cause or right of action filed on their behalf had been overruled by him, the suit was also correctly dismissed as against them.
For the reasons stated, the judgment appealed from is affirmed at the costs of the appellants.
OTT, J., concurs in the decree for the reasons assigned in the case of Morrissey v. Police Jury et al., La.App., 13 So.2d 744, this day decided.