The issues of law presented in this case are precisely the same as those in the case of Estate of Mrs. Arthur Latreille v. Road District No. 2 of Vermilion Parish et al., La.App., 13 So.2d 740, in which all opinion and decree were this day handed down. What difference there is concerns the facts.
The note held by the plaintiff in this case is for $1,000 and was one of a series of five notes issued under the same set of facts and circumstances as was the note in the Latreille case, but was given to represent part of the purchase price of a tractor to be used for Road District No. 5 of Vermilion Parish which is also being sued as party defendant and against which judgment was rendered on confirmation of default. The note is dated March 26, 1927 and matured March 15, 1931. It is made payable to Morrissey-Easton Tractor Company, is by the payee endorsed through its vice-president, M.T. Morrissey, and also bears the latter's personal endorsement. The note in the Latreille case had not been endorsed by Mr. Morrissey, personally.
The note in this case, like that in the Latreille suit had been negotiated and at one time was also held by the Estate of Mrs. Latreille. Suit had been instituted by the legal representatives of the estate against M.T. Morrissey as endorser, in Warren County, in the State of Mississippi on March 8, 1935. Judgment having been obtained against him it became necessary for him to pay the same, the full amount, including costs and attorney's fees, being the sum of $1,536.33, for all of which he secured a transfer and assignment on which he instituted the present proceedings on March 7, 1936, against the Police Jury of the Parish of Vermilion, the individual members thereof and Road District No. 5 of the said Parish. As in the Latreille case, the demand is one for damages predicated on the same alleged diversion of funds specially pledged and dedicated to the *Page 745 
payment of the note, and the same exceptions and pleas of prescription are urged in defense by the Police Jury and the individual members composing the same. The testimony submitted in the Latreille case was also offered and filed in the record in this case and in addition there was an agreed statement of facts entered into and further testimony taken relating to what knowledge plaintiff may have had of the alleged diversion of funds in order to fix the commencement of the prescriptive period. After trial in the court below there was judgment maintaining the plea of prescription and dismissing the plaintiff's suit, whereupon he took this appeal.
The reason on which all other issues save that of prescription were disposed of in the Latreille case apply as well in this case and it only remains for us to consider the testimony in connection with the plea of prescription filed on behalf of the Police Jury.
Plaintiff insists that the first knowledge he had of the diversion of funds was in the middle of May, 1935 when he received a letter from his attorney in Mississippi imparting the information contained in a letter from his present counsel in Louisiana to the effect that the funds pledged to the payment of the note had been transferred to another fund and consequently payment could not be made. However, as shown by the correspondence referred to in the Latreille case, as early as May 2, 1934, demand had been made on the Morrissey-Easton Tractor Company of which he was vice-president, the letter stating that the note was payable March 15, 1931 which made it more than three years past due. On May 9, 1934, another letter was addressed to his company calling attention to the matter again and informing them further that the interest endorsement on the note bore the date March 15, 1930, which was more than four years previous. As vice-president of the company it is reasonable to assume that Mr. Morrissey was familiar with the circumstances under which the note had been executed by the Police Jury and with the fact that certain specific funds had been pledged and dedicated to its payment. Notwithstanding this, he takes no steps to inquire into the matter until July 9, 1934 on which date, he personally writes to the attorney handling the notes in Abbeville asking him how they had come in his possession and what were the maturity dates. This letter was answered on July 12, 1934, and then on July 24, 1934, plaintiff writes to inquire what effort had been made to collect from the parish. To this letter he received a prompt reply dated July 27, 1934, informing him that effort had been made without result. The correspondence was then prolonged to the point where it also produced no result and suit against him was finally resorted to.
It strikes us that during all the time from May 2, 1934 when demand was first made on his company, and certainly from July 27, 1934 when he personally was informed that effort to collect from the parish had been unavailable, plaintiff should have taken some steps, or at least exercised more diligence than he did, to ascertain the true status regarding this note, if indeed he did not already know what the status was. A simple inquiry at that time would necessarily have revealed that the funds securing its payment had been diverted, as the agreed statement of facts show that the diversion had taken place in 1931 or 1932. Nothing was done by the Police Jury to lull him into a state of false security or to hinder him from attempting, at least, to enforce payment on its part. Its attitude was one of absolute passivity and this did not have the effect of arresting the course of prescription even though a wrong had been committed in diverting the funds dedicated to the payment of the note. See Littlefield v. City of Shreveport, 148 La. 693, 87 So. 714. That was the basis on which the learned district judge maintained the plea of prescription and we are of the opinion that he was correct.
For the reasons stated herein as well as for those stated in the opinion in the case of Estate of Mrs. Arthur Latreille v. Road District No. 2 of the Parish of Vermilion et al., filed this day, the judgment appealed from is affirmed at the costs of the plaintiff, appellant herein.